THOMPSON, Judge.
On September 15, 2005, the State of Alabama filed a complaint against Mitchell Bernard Johnson and certain property, including a 1996 Ford Ranger vehicle (hereinafter “the vehicle”), seeking the forfeiture of the vehicle and the other property pursuant to § 20-2-93, Ala.Code 1975. That complaint was served on TitleMax of Alabama, Inc.,[1] among others. On October 17, 2005, TitleMax filed an answer asserting its rights as a lienholder on the vehicle. Other parties also filed responses to the State’s complaint, but the facts pertinent to those responses are not relevant to the issue presented on appeal.
On March 27, 2006, the State moved for the entry of a default judgment pursuant to Rule 55(b)(2), Ala. R. Civ. P. However, the record contains no indication that the State served TitleMax with notice of its March 27, 2006, motion for a default judgment. On March 27, 2006, the same day the State filed its motion for a default judgment, the trial court entered a default judgment in favor of the State.
On April 12, 2006, TitleMax filed a motion that was in substance a motion filed pursuant to Rule 55(c), Ala. R. Civ. P. See Evans v. Waddell, 689 So.2d 23, 26 (Ala.1997) (the substance of a motion governs the courts’ interpretation of that motion). In that motion, TitleMax sought to have the March 27, 2006, default judgment set aside; TitleMax argued that it had not been served with notice of the motion for a default judgment. The trial court ordered the State to respond to TitleMax’s Rule 55(c) motion, but the record on appeal does not contain any such response. The April 12, 2006, motion to set aside the default judgment was denied by operation of law, see Rule 59.1, Ala. R. Civ. P., and TitleMax timely appealed.
On appeal, TitleMax argues that it was entitled, pursuant to § 20-2-93, Ala.Code 1975, to notice of the State’s application for a default judgment. The State has filed a brief before this court in which it concedes that the trial court erred in entering the default judgment in the absence of notice to TitleMax and in failing to set that judgment aside. Accordingly, we reverse and remand.
REVERSED AND REMANDED.
CRAWLEY, P.J., and PITTMAN, MURDOCK, and BRYAN, JJ., concur.

. This party was improperly designated as "Titlemax of Troy" on the certificate of service.