THOMPSON, Presiding Judge.
Joshua Caspari appeals from a default judgment entered against him by the El-more Circuit Court (“the trial court”).
*53 On April 17, 2014, the State of Alabama, pursuant to § 20-2-93, Ala.Code 1975, • filed a complaint seeking the condemnation and forfeiture of United States currency in the amount of $21,600; Caspari was named as the defendant in the complaint. On June 5, 2014, the State filed a motion for the entry of a default judgment on the ground that Caspari had failed to answer the State’s complaint. That same day, Caspari filed his answer to the complaint. On June 7, 2014, the trial court entered a default judgment against Caspari, finding that Caspari had been served with the summons and complaint and had failed to timely answer or file a responsive pleading. Caspari filed a motion to set aside the default judgment, which the trial court denied, and Caspari timely appealed.
On appeal, Caspari argues that the trial court erred in entering the default judgment on the following grounds: (1) that he was not personally served with the summons and complaint in compliance with Rule 4(c)(5), Ala. R. Civ. P.; (2) that he filed an answer before entry of the default judgment; and (3) that the condemnation and forfeiture proceedings were not instituted promptly as required by Alabama law.
The State has filed a brief with this court in which it concedes that the default judgment entered against Caspari was erroneously entered because, it concedes, there is no evidence indicating that Cas-pari was served in compliance with Rule 4(c)(5), Ala. R. Civ. P., and, thus, in the absence of evidence of effective service, there is no evidence indicating that Cas-pari willfully failed to answer. The State concedes that the trial court erred in entering the default judgment and in failing to set that judgment aside. See TitleMax of Alabama, Inc. v. State, 961 So.2d 171 (Ala.Civ.App.2007) (judgment reversed and cause remanded when State filed a brief in which it conceded default judgment was entered in error). Accordingly, we reverse the judgment and remand the cause for further proceedings. •
REVERSED AND REMANDED.'
PITTMAN, THOMAS, MOORE, and DONALDSON, JJ., concur.